FILED
AT ALBUQUERQUE NM
JAN 1 9 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL MARQUEZ,

    Plaintiff,

v.    No. CIV-98-0823 JP/WWD

ENTERED ON DOCKET
1/19/99

DR. JOHN ROBERTSON,
DR. DEMING,
JIMMY PADILLA, P.A.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Robertson's Special Entry of Appearance (Doc. #12) filed November 16, 1998, and Motion for More Definite Statement (Doc. #13) filed November 16, 1998. In the entry of appearance Defendant "advise[s] the Court" that service of process has not been accomplished. He contends that "no further action is required on Defendant's behalf" and seeks no specific relief. Cf. D.N.M.LR-Civ 7.1. In the simultaneously-filed motion for more definite statement, Defendant asserts he is unable to prepare a defense because of the complaint's length and convoluted claims.

On October 15, 1998, a waiver of service (Doc. #7) signed by Defendant was filed with the Clerk. See Fed.R.Civ.P. 4(d). Defendant, apparently a state employee, now claims that service is incomplete because process was not delivered to the New Mexico Attorney General. Defendant's argument is that, under Fed.R.Civ.P. 4(j), service on a state employee must be made according to applicable state law, which, in turn, requires delivery of process to the attorney general as well as the employee. As stated in the special entry of appearance, "The Attorney General's position is that, in all instances, the attorney general must be served...."

Whatever the merits of the Attorney General's "position" on effective service of process, the Court must rely on applicable rules of procedure in determining the duties of the parties in this context. *See* Fed.R.Civ.P. 11(b) (reasonable inquiry required). Contrary to Defendant's assertion, the terms of Rule 4(j)(2) govern service of process on "a state, municipal corporation or other governmental organization." Defendant does not argue that he constitutes such an entity. The provisions of Fed.R.Civ.P. 4(d) and (e), on the other hand, govern service of process on "an individual," without reference to the individual's employer. The provisions of Rule 4(d) impose on an individual defendant the duty to avoid unnecessary costs of service and allow the defendant to waive service. Under Rule 4(d)(2), "[i]f a defendant...fails to comply with a request for waiver...the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause...be shown." *And see* Fed.R.Civ.P. 55. Formal requirements for serving an individual defendant who does not waive service are prescribed in Rule 4(e). It appears that service on Defendant Robertson is complete.

Defendant's entry of appearance raises an issue that was not treated in the memorandum opinion and order entered September 10, 1998. The complaint names all Defendants in their official as well as individual capacities. Insofar as Plaintiff seeks money damages against Defendants in their official capacity as employees or officials of the State of New Mexico, his action is equivalent to a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And as indicated above, a complaint against the State must be served in the manner asserted by Defendant. Fed.R.Civ.P. 4(j)(2). Plaintiff's damages claims, however, are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988).

Plaintiff's claims against Defendants in their official capacity will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2) (frivolous action may be dismissed "at any time").

In the motion for more definite statement Defendant contends he cannot prepare a defense because of the length and convoluted nature of the complaint. The motion does not meet the minimum requirements of Fed.R.Civ.P. 12(e). Defendant is directed to pages 2-4 of the memorandum opinion and order entered September 10, 1998, where Plaintiff's remaining claims are identified. The motion will be denied.

IT IS THEREFORE ORDERED as follows:

(1) Plaintiff's claims against Defendants Robertson, Deming, and Padilla in their official capacities are DISMISSED;

(2) Defendant Robertson's Motion for More Definite Statement (Doc. #13) filed November 16, 1998, is DENIED;

(3) within ten (10) days from entry of this order, Defendant Robertson shall file an answer, move to dismiss Plaintiff's claims for discrimination under the Americans with Disabilities Act and for denial of medical treatment under the Eighth Amendment, or otherwise respond to this order if other relief is sought;

(4) if Defendant Robertson files an answer including an affirmative defense under Fed.R.Civ.P. 12(b), he shall file therewith a brief in accordance with D.N.M.LR-Civ 7; and if any costs are subsequently incurred in effecting service on Defendant, imposition of such costs will be governed by Fed.R.Civ.P. 4(d).

_____
UNITED STATES DISTRICT JUDGE