IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL MARQUEZ,

    Plaintiff,

v.                                                      CIV 98-823 JP/KBM

DR. DEMING, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' motions to dismiss for failure to state a claim *(Docs. 23, 37, 49)*. Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, I recommend that the motions be granted and this action be dismissed.

### Procedural Background

Plaintiff brought this action alleging denial of medical care under the Eighth Amendment, discrimination under the Americans With Disabilities Act, and inhumane treatment under the Geneva Convention, New Mexico state law, and the *Duran* consent decree. Upon initial review of the case for frivolousness under 28 U.S.C. § 1915 and for failure to state a claim under FED. R. CIV. P. 12(b)(6), District Judge James A. Parker dismissed certain defendants and claims and allowed Plaintiff to proceed on his claims "for denial of medical treatment (including the transfer) under the Eighth Amendment and the Americans with Disabilities Act" as to defendants Dr.

1

Deming, Dr. Robertson, and Mr. Padilla, a physician's assistant. *(Doc. 4 at 6-7).*

The Magistrate Judge who was previously assigned to this case recommended that Plaintiff's motions to amend and for default judgment be denied. *(Doc. 43).* Plaintiff did not file objections to that recommendation. In addition, Plaintiff concedes that his Americans With Disabilities Act claim should be dismissed. *(Doc. 59, ¶ 3; Doc. 35, ¶¶ 6, 9-10; Doc. 41, ¶ 7).* Accordingly, the only issues that remain concern Defendants' separate motions raising the identical arguments. Defendants contend that differences of opinion about a course of medical treatment, mere negligence and delay in medical care without resulting substantial harm to Mr. Marquez fail to state a claim and should be dismissed under FED. R. CIV. P. 12(b)(6).

**Plaintiff's Medical Care Claims Amount To A Difference of Opinion or Mere Negligence**

The law is well-settled that, when it is clear from the record that a prisoner is being examined and treated for his medical complaints, a difference of opinion over diagnosis or the appropriate course of medical treatment does not violate the Eighth Amendment standard of deliberate indifference to serious medical needs. *E.g., Jennings v. Natrona County Detention Center,* 175 F.3d 775, 781 (10th Cir. 1999) (dismissing action as frivolous where documents attached to complaint "reflect he was given medical attention and prescriptions on a number of occasions"); *White v. State of Colorado,* 157 F.3d 1226, 1234 (10th Cir.) (rejecting claim of imminent danger of serious physical injury based on thorough review of plaintiff's medical records and lack of any showing that he "had less access to medical care since that determination or that the quality of his care has deteriorated"), *cert. denied,* 119 S.Ct. 1150 (1999).

Mere negligence does not suffice to establish liability under the Eight Amendment. *E.g., Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (liability for Eighth Amendment violation requires

"deliberate indifference to serious medical needs of prisoners," not simply negligence in diagnosis or treatment (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976));  *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996) (same); *Berry v. City of Muskogee,* 900 F.2d 1489, 1495 (10th Cir.1990) (deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence").

Furthermore, the same Eighth Amendment analysis applies when prisoners are claiming an incorrect medical decision either results in a merely unwanted transfer or in a failure to transfer the inmate to a desired facility.  Plaintiff fails to demonstrate that Defendants were deliberately indifferent to his medical needs by his transferring him to a Texas correctional facility.  *E.g., Stewart v. Murphy,* 174 F.3d 530, 535 (5th Cir. 1999) (disagreement among medical professionals treating plaintiff regarding transferring him to another facility to receive physical therapy is a difference of opinion and not deliberate indifference); *Bishop v. Medical Records Officer, Prison of New Mexico,* 1991 WL 240102 (10th Cir. 11/15/91) (case where plaintiff claimed transfer from New Mexico to Arizona prison was medically improper, court found conclusory allegations amounting to disagreement with the medical treatment given insufficient to state a claim); *Collins v. Hannigan,* 14 F. Supp.2d 1239 (D. Kan. 1998) (dispute over medical classification and, therefore, work plaintiff could perform, resulted in plaintiff's transfer to maximum security held to be mere negligence); *Redding v. Marsh,* 750 F. SUPP. 473, 478-479 (E.D. Okla. 1990) (disagreement over which hospital plaintiff was taken to); *compare with Lopez v. LeMaster,* 172 F.3d 756, 764 (10th Cir. 1999) (reversing and remanding dismissal for further proceedings where record showed plaintiff suffered contusions and severe strain to spine after a beating, was given aspirin only, and there was evidence that someone told jailer not to take plaintiff to hospital

3

because he was conscious).

Because they are moving to dismiss as opposed to summary judgment, Defendants submit no affidavits or documents in support of their motion. Plaintiff, on the other hand, submitted numerous documents in opposition to the motions. The Court has carefully reviewed Plaintiff's pleadings and each of the attached documents, many of which are from his medical records.

The documents establish that Plaintiff has a number of medical problems for which he has received and continues to receive medical treatment. His complaints against Dr. Deming center on treatment of his orthopedic problems, her decision to approve him for transfer to a Texas prison, and her continuing course of treatment of those problems now that he has been returned to a New Mexico prison. His complaints of Dr. Robertson also focus primarily on his orthopedic problems and what is being done with regard to footwear for him. Plaintiff complains that Mr. Padilla gave him Pepto-Bismol for initial stomach pain that eventually turned out to be cholecystitis and resulted in a hospitalization for gall bladder surgery. At most, Plaintiff's complaints of Dr. Deming and Dr. Robertson amount to a difference of opinion as to his medical treatment decisions. His complaint of Mr. Padilla amounts to mere negligence.

Plaintiff asserts that Defendants are responsible for delays in obtaining an operation on his knee and corrective footwear. As the materials submitted by Plaintiff demonstrate, Marquez suffers from a broad range of physical complaints and has been seen in the prison infirmary and taken to physicians numerous times. He simply fails to show that any of the delays he has experienced in receiving care have been the result of deliberate indifference which resulted in "substantial harm" to him. *See Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir.1993). Rather, Marquez' complaints most closely resemble those of the Plaintiff in the attached unpublished

4

opinion, *Gargani v. Hawk*, 87 F.3d 1327 (10th Cir. 1996) (delay in providing corrective lift shoe failed to constitute an Eighth Amendment violation).

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. There being no objections filed, the prior Magistrate Judge's Proposed Findings and Recommendation *(Doc. 43)* be ADOPTED;

2. Plaintiff's Motion To Amend *(Doc.20)* be DENIED;

3. Plaintiff's Motion for Default Judgment or for Summary Judgment *(Doc. 26-1, 26-2)* be DENIED;

4. Defendant Robertson's Motion to Dismiss *(Doc. 23)* be GRANTED;

5. Defendant Padilla's Motion to Dismiss *(Doc. 37)* be GRANTED;

6. Defendant Deming's Motion to Dismiss *(Doc. 49)* be GRANTED; and

7. This action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

87 F.3d 1327 (Table)
**Unpublished Disposition**

**(Cite as: 87 F.3d 1327, 1996 WL 346610 (10th Cir.(Colo.)))**

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)

**Gary R. GARGANI, Plaintiff-Appellant,
v.
Kathleen HAWK, Director, Bop; J.W. Booker, Warden; Daniel Burnett, HSA Administrator; J. Blank, Correctional Counselor, Defendants-Appellees.**

**No. 95-1488.**

United States Court of Appeals, Tenth Circuit.

June 25, 1996.

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.

ORDER AND JUDGMENT [FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

SEYMOUR, Chief Judge.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Gary R. Gargani filed this pro se civil rights action alleging defendants Kathleen M. Hawk, J.W. Booker, Daniel Burnett, and J. Blank, all federal prison officials, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court dismissed Mr. Gargani's complaint pursuant to 28 U.S.C. § 1915(d) because he failed to allege deliberate indifference on the part of defendants. The dismissal crossed in the mail with a Supplement to the Original Complaint, which the district court declined to consider. Mr. Gargani appeals, [FN1] and we affirm.

> FN1. The district court granted informa pauperis status to Mr. Gargani for appeal purposes.

Mr. Gargani has undergone numerous major operations on his legs while in federal custody and currently suffers from a bone infection and deterioration of bone mass. He alleged that in addition to medication, he was prescribed a special lift shoe and hinged brace

which defendants failed to provide.

As Mr. Gargani well knows, see Gargani v. Reno, 9 F.3d 1551, 1993 WL 460660 (9th Cir.1993), the Eighth Amendment prohibits the deliberate indifference to a prisoner's serious medical needs, Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Intentional interference with prescribed treatment may constitute deliberate indifference. Id.; Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir.1992). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. A difference of opinion with respect to medical treatment does not support a claim of cruel and unusual punishment. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993). Moreover, a delay in receiving prescribed medical treatment constitutes a violation of the Eighth Amendment only "if there has been deliberate indifference which results in substantial harm." Id. (citation omitted). Deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence." Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir.1990). Given Mr. Gargani's prior prison litigation involving his medical condition, his failure to allege properly an Eighth Amendment violation in his initial complaint is inexcusable. Even considering his supplemental complaint, however, we are not persuaded he has alleged a constitutional violation.

Relying on a personal doctor, Mr. Gargani contends that the denial of the leg brace constitutes an Eighth Amendment violation. The prison doctor determined, however, that a leg brace would not benefit Mr. Gargani. Mr. Gargani simply differs with that opinion. Mr. Gargani also contends that the delay in providing his lift shoe constitutes an Eighth Amendment violation. Mr. Gargani was evaluated by the prison doctor and was offered a knee sleeve, which he refused. He has been informed on at least two occasions that a lift shoe was ordered. While Mr. Gargani alleges serious medical injuries, his allegations of delay do not rise to the level of an Eighth Amendment violation. [FN2]

> FN2. We decline to consider issues Mr. Gargani raises for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n. 8 (10th Cir.1994).

**\*\*2** We AFFIRM the judgment of the district court. The mandate shall issue forthwith.

END OF DOCUMENT